

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, T e x a s

Opinion No. 0-3841
Re: Are insurance policies payable to
named beneficiaries which were taken
out prior to the amendment of the
Texas Inheritance Tax Law in 1939
subject to the payment of the tax
imposed thereunder?

Dear Sir:

We are in receipt of your letter of August 1,
1941, in which you request the opinion of this department
upon the questions contained therein as follows:

"A decedent carried policies of life insur-
ance in excess of $40,000.00 payable to specific
named beneficiaries, and not to the estate of
the deceased. All of these policies were taken
out long prior to the passage of the State In-
heritance Tax laws.

"Predicated upon the above facts, kindly
advise us:

"(1). Whether the policies being pay-
able to specific named beneficiaries and
in no manner becoming apart of the estate
of the deceased, are taxable under the State
Inheritance Tax laws?

"(2). If the above question is answer-
ed yes, is it the contention of the Depart-
ment that the Statute is retro-active and
applies to the policies of insurance taken
out before the passage of the Act?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

Article 7117 of the Revised Civil Statutes as amended in 1939 reads, in part, as follows:

"All property within the jurisdiction of this State, real or personal, * * * including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift * * * , shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. * * * ."

In answer to your first question it is apparent that the Legislature has taxed insurance which does not become a part of the estate of the decedent but which passes to named beneficiaries. Such tax, however, is on the amount of the insurance in excess of $40,000.00 of the amount received by all beneficiaries on the policies taken out by the decedent upon his own life.

We believe the language is clear and unambiguous and we are of the opinion that proceeds of insurance policies passing to named beneficiaries upon the death of a decedent are proper subjects of inheritance taxation and the tax has been so imposed by the above quoted article.

The Supreme Court of Wisconsin in the case of IN RE ALLIS' WILL 184 N.W. 381, stated as follows:

" * * * . The nature and quality of such beneficial interest in these policies during the insured's life constitute a good ground for legislative action to subject the proceeds realized therefrom to inheritance taxation upon the basis that they 'shall be deemed a part of his estate

for the purposes of the tax and shall be taxable
to the person or persons entitled thereto.' It
is not essential that such proceeds shall become
a part of the deceased husband's estate upon his
death in order to subject them to inheritance tax-
ation. It is self-evident that by means of these
policies the husband transferred a large part of
his estate to his widow, which became effective
at his death. This puts the transaction within
the field of inheritance taxation."

In your second question you inquire as to the
applicability of the above statute to policies of insur-
ance taken out prior to the passage of the statute by the
Legislature in 1939. In answering this question we will
assume that the policy of insurance you inquire about con-
tained the ordinary clause granting to the insured the
right to change beneficiaries at any time prior to his
death. Upon such an assumption we will answer your ques-
tion.

The Texas Inheritance Tax is a tax based upon the
right to receive property, or, in other words, upon the
right of succession. The Commissions of Appeals of Texas
in the case of STATE v. HOGG, 72 S.W. (2d) 593, stated as
follows:

"An examination of the authorities convinces
us that the almost universal rule is that inher-
itance taxes such as are levied by our statutes
are held to be privilege taxes, and not property
taxes. In other words, the tax is upon the right
of succession and not upon the property. * * * ."

We call your attention to the fact that the pol-
icies of insurance taken out in the case of In Re Allis'
Will, supra, were taken out prior to the amendment con-
strued in that case taxing insurance paid to a named bene-
ficiary. In that case the court held that the tax applied
to such policies taken out prior to the enactment of the
statute because the tax was based upon the passing to the
beneficiary which took place at the time of death of the
insured subsequent to the enactment of the statute in ques-
tion.

The Supreme Court of Tennessee in the case of

STATE v. CAIN, 36 S.W. (2d) 82, passed on a similar question and stated as follows:

"This appeal is from a decree holding the proceeds, above $40,000, of certain insurance policies on the life of Michael J. Cain, deceased, issued prior to the passage of chapter 29, Acts of Tennessee, 1929, Extra Session, subject to the inheritance tax thereby imposed. Cain died February 15, 1930, leaving by his will his entire estate, including insurance, to his wife. At his death he had $90,000 of insurance in force, all of which was payable to his wife unconditionally, except one policy for $30,000 and two for $5,000 each, which provided that the interest on the proceeds should go to the wife for life, the fund to be equally divided at her death between his children.

"Each policy contained a clause giving Cain the right to change the beneficiary, which right he did not exercise. The department of finance and taxation held all the proceeds of Mr. Cain's life insurance above $40,000 liable to the tax imposed by said chapter 29, and this ruling having been sustained by the tax board, the question was submitted to the chancellor as an agreed case.

"We are constrained to concur with the learned chancellor. The Tennessee inheritance tax being levied upon the right to acquire, and not upon the right to transmit, as under the federal law (Henson v. Monday, 143 Tenn. 418, 224 S.W. 1043) and the policies in this case being all payable to the wife or the wife and children of the insured, but with the express reservation of the right to change the beneficiary, and the wife or children having no vested interest in such form of policy under our decisions, this right to acquire did not become effective until after chapter 20, Acts Ex. Sess. 1929, had gone into effect. It follows that no retroactive application is given to the statute."

A very recent case on this question is the case

Honorable George H. Sheppard, page 5

of DUMESNIL v. REEVES, 148 S.W. (2d) 132 by the Court of Appeals of Kentucky. The court, in this case, fully discussed all the authorities and stated as follows:

"* * * . In the present case, however, we have no doubt that a proper construction of our statute, Kentucky Statutes, section 4281a-16, is that the Legislature intended it to apply to all policies whether taken out before or after its effective date. The language of the statute is plain and unambiguous and we will not imply an intent on the part of the Legislature to except from its operation policies theretofore taken out but will proceed to determine whether or not it is unconstitutional when so applied. It is true that statutes are not to be given a retroactive effect, even where the Legislature has power to enact such a statute, unless such an intention clearly appears from the statute itself (Dunlap v. Littell, 200 Ky. 595, 255 S.W. 280) but a retroactive effect is obtained only when a statute is applied to rights acquired prior to its enactment. As applied to the policies in question no vested rights are impaired as will be later pointed out.

" * * * *

"In considering the constitutionality of the Kentucky Statute in its application to the policies involved we must determine whether or not any vested rights were obtained by the beneficiaries of the policies by being designated as beneficiaries with the right reserved in the insured to change the beneficiary. We find that the almost universal rule is that where a right to change the beneficiary has been reserved to the insured in the policy the beneficiary named has a mere expectancy and no vested right or interest during the lifetime of the insured, this rule being subject to the qualification, of course, that the beneficiary may acquire a vested right by virtue of some type of special contract. 37 C.J. 579; 14 R.C.L. 1388; Landrum v. Landrum's Adm's., 186 Ky. 775, 218 S.W. 274; Wirgman v. Miller, 98 Ky.

Honorable George H. Sheppard, Page 6

620, 53 S.W. 937, Mutual Life Insurance Co. v.
Twyman, 122 Ky. 513, 92 S.W. 335, 121 Am. St.
Rep. 471, 28 Ky. Law Rep. 1153, 1157; Bright v.
Supreme Council of C.K. and L.A. et al., 183 Ky.
388, 209 S.W. 379; Twyman v. Twyman, 201 Ky. 102,
255 S.W. 1031; Chase National Bank v. United
States supra. In the last cited case the Supreme
Court, in speaking of policies in which the in-
sured reserved the right to change the benefici-
ary, said (278 U.S. 327, 49 S.Ct. 127, 73 L. Ed.
405, 63 A.L.R. 388): 'But until the moment of
death the decedent retained a legal interest in
the policies which gave him the power of disposi-
tion of them and their proceeds as completely as
if he were himself the beneficiary of them.' The
court in that case, in speaking of the power of
control over such policies retained by an insured,
said that such power 'is by no means the least
substantial of the legal incident of ownership,
and its termination at his death so as to free
the beneficiaries of the policy from the possi-
bility of its exercise would seem to be no less
a transfer within the reach of the taxing power
than a transfer effected in other ways through
death.' Since the beneficiary in the policies
in question here acquire no vested right but only
a mere expectancy by being designated as benefi-
ciary we fail to see wherein the statute in ques-
tion, when applied to the policies in controversy,
impairs the obligation of a contract or results
in a violation of the due process clause of the
14th amendment to the Federal Constitution or any
provision of our state constitution."

In both the Tennessee and Kentucky cases the
court held that the inheritance tax was a tax upon the right
of succession and that a tax imposed upon the proceeds of
insurance policies by a statute which was passed prior to
the death of the insured subjected the proceeds of insur-
ance policies taken out prior to the passage of the tax act
to the tax imposed therein. We call your attention, how-
ever, to the fact that in both of those cases the insured
had a right under the terms of the insurance contract to
change the named beneficiary at any time prior to his death.
This being so the courts held that the rights in the pro-

Honorable George H. Sheppard, Page 7

ceeds did not accrue to the beneficiaries until the death of the insured and therefore the property passed as of such time, which was subsequent to the time of the passage of the tax act.

We are of the opinion that under the authorities the proceeds of insurance policies payable to named beneficiaries are subject to the Texas Inheritance Tax despite the fact that the policies of insurance were taken out prior to the amendment of 1939 taxing insurance proceeds, where the policies in question reserved to the insured the right to change the named beneficiary in the policy at any time prior to his death.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:ob

APPROVED AUG 18, 1941

Acting ATTORNEY GENERAL OF TEXAS